IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ANGELA FOX                          :

    Plaintiff,                      :

vs.                                 :     WMN-98-2167

UNITED ARTISTS THEATER CIRCUIT,     :
INC.
                                    :
    Defendant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ORDER

Following a jury trial, judgment was entered in favor of plaintiff and against defendant on February 10, 2000. Plaintiff filed a timely Motion for Award of Costs in the amount of $19,961.07. Defendant has filed a response in opposition to which plaintiff has replied. The undersigned has reviewed the outstanding pleadings relating to taxation of costs and finds no hearing necessary pursuant to Local Rule 105.6. (D.Md.).

## FILING FEES

Plaintiff requests $100.00 associated with the initial filing fee incurred in filing the instant complaint. This action was originally filed in the Wayne County Circuit Court in Detroit, Michigan. Defendant removed the case to federal court in Michigan and it was then subsequently removed to this Court. In seeking removal, defendant is responsible for paying the filing fee in this Court. Plaintiff may not recover fees paid to the state court in Michigan where this case was initially filed. Accordingly, the Clerk finds this expense not allowable under 28 U.S.C. § 1920(1).

**FEES OF COURT REPORTERS FOR DEPOSITIONS**

Plaintiff requests reimbursement of $4,355.00 associated with costs incurred for the depositions of plaintiff, Dr. Policherla, Mr. and Mrs. English, and Mssrs. Alston, Coates, Ward, Sosa, and Green. Plaintiff also seeks reimbursement of expenses associated with the video deposition of its expert medical witness, Dr. Richard Fessler. The Clerk may tax the costs of depositions under F.R.Civ.P. 54(d) where they are necessary for the case. *See Crawford v. Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437 (1987). To determine if a deposition expense is taxable, "(W)e should consider the extent of actual use of each deposition in cross-examination and otherwise and whether the taking was reasonably necessary to the party's case in light of the particular situation existing at the time of taking. It is not necessarily fatal to taxation that they were not introduced or otherwise used at the trial. *Advance Business Systems & Supply Co.*, 287 F. Supp. 143, 165 (D.Md. 1968), *aff'd as modified* 415 F.2d 55 (4th Cir. 1969), *cert. denied* 397 U.S. 920 (1970). While the court may allow a deposition expense if the taking of that deposition was "reasonably necessary" in "light of the particular situation existing at the time of the taking," the Clerk's authority, in this district, is more limited. In this district, the Clerk has traditionally allowed: (1) the costs associated with deposing the parties in the case; (2) the costs of those depositions that were actually used in connection with the event that terminated the litigation; and (3) the costs of those depositions of trial witnesses.

Costs associated with depositions of plaintiff shall be allowed in the amount of $171.27.[1] Dr. Fessler's deposition video was introduced at trial and plaintiff requests costs associated with the videotaped deposition in the amount of $775.85. The Court notes defendant's argument that it

---

[1] Costs associated with the reading, signing, postage, and Federal Express mailing of depositions or with duplicate versions of the transcript, whether they are a condensed or diskette version, are not allowed.

should only be held responsible for 5/12 of Dr. Fessler's fee for the time spent in giving his deposition as a result of the a prior Court ruling. The Court's ruling regarding the apportionment of fees between the parties associated with Dr. Fessler's deposition directed that plaintiff pay all expenses associated with videotaping the deposition and that otherwise, plaintiff was to pay 7/12 of all non-videographic deposition expenses and defendant was to pay 5/12 of all non-videographic deposition expenses. (*See* Paper No. 46). It appearing that plaintiff is responsible for Dr. Fessler's videotaped deposition costs, and because it is impossible for the undersigned to determine from the documents and records before her what costs are associated with Dr. Fessler's non-videographic deposition expenses, deposition costs associated with Dr. Fessler are disallowed. Plaintiff also seeks deposition costs associated with the depositions of Dr. Policherla, Mr. and Mrs. English, and Mssrs. Alston, Coates, Ward, Sosa, and Green. Of these individuals, only Mr. English and Mr. Green testified at trial. However, the documentation before the undersigned fails to reflect which deposition invoice, if any, is submitted for these two individuals. Given this determination, deposition costs shall be awarded in the amount of $171.27. Plaintiff, however, may petition the Court for a supplement to this cost award with regard to those deposition expenses not allowed.

### ATTORNEYS' FEES

Plaintiff seeks $8,569.10 for expenses associated with local counsel Aaron Levine. With the exception of docket fees as provided in 28 U.S.C. § 1923, the statutory definition of the term "cost" does not include attorney's fees, except as expressly stated by statute. Attorney's fees are determined by the Court. Consequently, this cost request shall be denied.

**WITNESS AND MILEAGE FEES**

Plaintiff requests $4,290.00 associated with expert witness fees for Dr. Fessler. Generally, if a witness testifies at trial, the prevailing party may recover as costs the fees and disbursements as to that witness. If a witness is subpoenaed to trial, but does not testify, the Clerk will not tax the fees and disbursements as to that witness. Because the above-noted witness' video deposition was introduced at trial, the Clerk will allow an award of the statutory $40.00 witness fee. However, compensation paid to Dr. Fessler in excess of the statutory witness fee is not taxable by the Clerk. See *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. at 441.

Plaintiff also seeks $1,399.55 for expert witness fees associated with the National Legal Research Group, Bayview Investigations, and Steven Bernheim and service of deposition and trial subpoenas associated with Bayview Investigations and Mr. Bernheim. Mr. Bernheim did not testify at trial, and he is therefore, not entitled to the statutory witness fee. Clearly, witness fees are not taxable with regard to the National Research Group and Bayview Investigations.

With regard to fees associated with subpoenas, the Clerk of the Court will tax reasonable private process server fees for deposition subpoenas as to depositions taxed as costs and for trial subpoenas as to witnesses who testified at trial. Consequently, the Clerk shall allow costs associated with Dr. Fessler's subpoena in the amount of $65.00. However, the fees associated with the deposition and trial subpoenas for Bayview Investigations and Mr. Bernheim shall be denied.

**TRAVEL and LODGING EXPENSES**

Counsel seeks costs of $2,005.00 incident to his and plaintiff's travel expenses associated with taking depositions and court appearances. He also seeks $1,282.58 associated with his lodging expenses and $182.00 associated with airport parking expenses. Expenses of litigation, including

travel, lodging, and parking expenses, incurred in attending depositions and making court appearances will not be taxed as costs by the Clerk. The expenses of witnesses who are themselves parties are not taxable. Accordingly, this cost request is disallowed.

## EXHIBITS, PHOTOCOPYING AND MAILING EXPENSES

Historically, copy work has been viewed as general office overhead and has not been allowed by the Clerk as a reimbursable cost. *See Advance Business Systems & Supply Co. v. SCM Corp.*, 287 F. Supp. at 164. Two opinions of this Court have caused the Clerk to reconsider this position. In the case of *David Stratton v. Equitable Bank* (Civil Action No. HAR-88-1485, D.Md.), Judge Hargrove found that "[p]hotocopying charges for pleadings are taxable only to the extent that the copies are used as court exhibits or are furnished to the court or opposing counsel pursuant to procedural rules." *citing Sun Publishing Company, Inc. v. Mecklenburg News, Inc.*, 594 F. Supp. 1512, 1524 (E.D. Va. 1984). *See Purity Products In. v. Tropicana Products, Inc.*, (Civil Action No. H-86-2319, D.Md). The expense of making or requesting copies of discovery material do not fall within the rule set forth in the cases cited above. Consequently, plaintiff's request for reimbursement of expenses associated with a medical records request and general photocopying will be disallowed.[2]

Plaintiff also seeks $114.00 associated with postage (Federal Express). The Clerk will not allow this cost. Ordinary office overhead (such as courier fees and postage) generally is not recoverable under 28 U.S.C. § 1920. *See Advance Business Systems*, 287 F. Supp. at 164.

---

[2] To the extent plaintiff's request for photocopying costs in the amount of $31.43 represents the cost of copying documents pursuant to procedural rules, it is impossible for the undersigned to determine this from the Bill of Costs and supporting documentation.

**AWARD**

Accordingly, costs are entered in favor of plaintiff and against defendant in the amount of $276.27. The Clerk of Court shall docket and mail copies of this Order to all counsel in this case.

Dated this 11th day of July, 2000.

Felicia Cannon
Clerk, United States District Court,
District of Maryland